Argued and submitted January 26, reversed and remanded in part with instructions; otherwise affirmed March 2, 1994

# Marilyn FRIEDRICK
## and Ray Verbout,
*Respondents,*

*v.*

# Jack L. JOHNSON
## and Patricia A. Johnson, husband and wife,
*Appellants.*

(92-02-34727; CA A79071)

869 P2d 872

George W. Kelly argued the cause and filed the brief for appellants.

Stephen P. Riedlinger filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendants appeal from a judgment awarding plaintiffs possession of certain property by adverse possession. We review *de novo*, ORS 19.125(3), and reverse in part.

In 1989, plaintiffs purchased an improved property adjoining defendants' property. After a dispute arose between the parties, plaintiffs hired a surveyor to establish the legal boundary between the two properties. The survey showed that one side of plaintiffs' house, built in 1920, encroached six inches onto defendants' property. Plaintiffs brought this action and the trial court entered judgment for plaintiffs, finding that they had adversely possessed the six inches of defendants' property lying under plaintiffs' house and a three-foot strip next to the house. In the trial court, defendants did not preserve any argument that the six-inch encroachment did not result in adverse possession.

■■　To establish title to the three-foot strip by adverse possession, plaintiffs must show by clear and positive proof actual, open, notorious, exclusive, continuous and hostile possession of the property for a 10-year period. *See* ORS 105.620; *Hopkins v. State of Oregon*, 96 Or App 717, 773 P2d 825 (1989). Even assuming that plaintiffs have adversely occupied the three-foot strip since they purchased the property in 1989, there is *no* evidence that their predecessors occupied any part of that strip, adversely or otherwise, for the statutory period.

Reversed and remanded with instructions to enter a modified judgment awarding plaintiffs the six inches of defendants' property underlying plaintiffs' house; otherwise affirmed.